**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Phillip CRABILL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.

Filed June 4, 2007.

---

Steve Rice, Gettysburg, for appellant.

William R. Stoycos, Asst. Dist. Atty., Harrisburg, for Com., appellee.

BEFORE: BENDER, BOWES and COLVILLE *, JJ.

OPINION BY BENDER, J.:

¶ 1 Phillip Crabill appeals from the April 26, 2006 judgment of sentence of 11½ to 23 months' incarceration imposed for his conviction of criminal attempt at unlawful contact with a minor, to be followed by 36 months' probation imposed for his conviction of criminal use of a communication facility. The convictions were based on Appellant's sexually-explicit communications to a law enforcement officer posing as a twelve year-old girl in an internet chat room sting operation targeting sexual of-

* Retired Senior Judge Assigned to the Superior Court.

fenders, and Appellant's attempt to meet the purported minor for the purpose of engaging in unlawful sexual contact. Appellant challenges the sufficiency of the evidence. We affirm.

¶ 2 The trial court set forth the following recitation of facts in its opinion filed pursuant to Pa.R.A.P. 1925(a):

On January 14, 2005, [Appellant] initiated internet contact via his home computer in an internet chat room with a person using the Yahoo screen name of "teddybrgirl12pa" who purported to be a 12 year old girl, but who was really Special Agent Dennis Guzy of the Office of Attorney General's Child Predator Unit. During their initial conversation, [Appellant] wrote to teddybrgirl12pa, "I may want to lick your little blond pussy" and "once your [sic] good and wet I may want to slide myself inside you." [Appellant], 45 years old at the time of his initial contact with teddybrgirl12pa, sent numerous messages to the purported child over a period of the next 10 days describing sexual activities graphic in nature, including, "I may want to you to sit on my face as I eat you" and "I want you to get on top of me and slide me inside your tight hole."

At one point during the internet chat, [Appellant] expressed concern that teddybrgirl12pa could be a police officer, but he also assured her that he would be the only one doing anything illegal if they were to meet. On January 25, 2005, [Appellant] traveled to an agreed upon meeting spot in Susquehanna Township, Pennsylvania, where [Appellant] thought he would be meeting teddybrgirl12pa. Upon arriving at the scheduled meeting spot, [Appellant] gave a written statement in which he admitted his communication with teddybrgirl12pa and admitted that he believed she was 12 years old.

Trial Court Opinion (T.C.O.), 7/5/06, at 1–2. In a criminal information filed on September 23, 2005, the Commonwealth charged Appellant with criminal attempt to commit unlawful contact with a minor (see 18 Pa. C.S. §§ 901, 6318(a)(1)), and criminal use of a communication facility (see 18 Pa.C.S. § 7512(a)). Appellant proceeded to a jury trial commencing on January 9, 2006. The jury found Appellant guilty of both charges on January 11, 2006.

¶ 3 On April 26, 2006, the trial court sentenced Appellant as indicated above. Additionally, as a sexual offender, the court notified Appellant of his obligation to register under Megan's Law for a period of ten years. See N.T. Sentencing, 4/26/06, at 22–23; 42 Pa.C.S. § 9795.1(a).

¶ 4 Appellant filed a timely notice of appeal on May 23, 2006. Thereafter, pursuant to the court's order, Appellant filed a timely concise statement of matters complained of on appeal, in which he properly preserved the issues raised in his brief in this appeal.

¶ 5 In this appeal, Appellant challenges the sufficiency of the evidence necessary to sustain his convictions on both counts. Thus, our applicable standard of review is "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Eichinger*, 915 A.2d 1122, 1130 (Pa.2007). Additionally, when examining sufficiency issues, "we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to

believe all, part, or none of the evidence when evaluating witness credibility." *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa.2007).

¶ 6 First, Appellant argues that the evidence was insufficient to sustain his conviction for criminal attempt at unlawful contact with a minor. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). Unlawful contact with a minor is defined, in pertinent part, as follows:

(a) Offense defined.—A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in activity prohibited under any of the following . . .:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses). . . .

18 Pa.C.S. § 6318. The jury verdict sheet also reveals that the Commonwealth premised their charge of criminal attempt at unlawful contact with a minor on two specific offenses in Chapter 31, of which Appellant was not specifically charged, *i.e.*, "[f]or purpose of engaging in indecent assault[,]" and "[f]or purpose of engaging in rape of a child[.]" Verdict Slip, 1/11/06.[1] Essentially, Appellant argues that these two predicate offenses underlying his conviction for attempt at unlawful contact with a minor are strict liability offenses, where a defendant's belief as to a complainant's age is irrelevant. Thus, according to Appellant, the Commonwealth "was required to prove that the complainant was in fact under the critical age of 13 years old, which they could not do because the purported child was an undercover law enforcement officer." Appellant's brief at 8. Appellant argues that "[i]f belief as to age is irrelevant for the underlying sex offense, and the only issue [is] whether the complainant is in fact below a critical age, belief as to age cannot be made relevant by the introduction of the inchoate offense." *Id.*

¶ 7 We disagree with this argument. Appellant ignores the fact that the crime of attempt, of which he was convicted, does contain a *mens rea* element, which requires the Commonwealth to establish that Appellant "inten[ded] to commit a specific crime[,]" 18 Pa.C.S. § 901(a). Also, as noted from the plain language of section 6318, above, the crime of unlawful contact with a minor also contains a *mens rea* requirement. 18 Pa.C.S. § 6318. Although belief as to age may be irrelevant for strict liability sex crimes against minors, such as rape of a child, Appellant was not convicted of a strict liability sex crime, rather, he was convicted of criminal attempt to commit an unlawful contact with a minor, both of which contain a *mens rea* element, which was established by sufficient evidence such as (1) Appellant's admission that he believed he was communicating with a twelve-year-old girl with the internet handle, teddybrgirl12pa; (2) the content of his lewd e-mails over a ten-day period, from which the jury could infer Appellant's intent to commit unlawful contact with a minor; and (3) Appellant's substantial steps in attempting to meet the purported minor for sexual contact.

¶ 8 Moreover, subsection (b) of the attempt statute, states as follows:

offense as indecent contact with a complainant who is less than 13 years old. 18 Pa.C.S. § 3126(a)(7). Similarly, the strict liability crime of rape of a child can be found at 18 Pa.C.S. § 3121(c).

---

1. The specific section of the indecent assault statute is not mentioned, but we will presume, for purposes of our analysis, that the Commonwealth proceeded under the strict liability section of that statute, which defines the

**b) Impossibility.**—It shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the crime attempted.

18 Pa.C.S. § 901(b). Appellant tries to ignore this proviso in the criminal attempt statute.[2] Certainly, it would have been "impossible" under the circumstances in this case for Appellant to have fully committed the underlying strict liability crimes of indecent assault or rape of a child where, in reality, teddybrgirl12pa was Special Agent Guzy. However, according to section 901(b), Appellant's "misapprehension of the circumstances" is not a defense to the charge of attempt.

¶ 9 Additionally, we note several cases in which our Court has found the evidence sufficient to affirm the conviction of an inchoate offense in the context of similar sexual offender internet sting operations where the defendant is communicating with an adult law enforcement officer posing as a minor. For example, in one case involving a sufficiency challenge to several convictions of solicitation to commit various sexual offenses with a child, we held that the fact that the person the defendant solicited was not actually a thirteen-year-old girl, but a law enforcement officer engaging in an internet sexual offender sting operation, provided no defense to the charges of solicitation. *Commonwealth v. John*, 854 A.2d 591, 596–97 (Pa.Super.2004). Our decision in the instant case is also in accord with other cases, even though some of them did not focus specifically on the issue of whether a defendant can be convicted of attempt where the predicate offense is a strict liability crime. *See, e.g., Commonwealth v. Bohonyi*, 900 A.2d 877 (Pa.Super.2006) (finding evidence

sufficient for solicitation to commit involuntary deviate sexual intercourse (IDSI) where defendant encouraged purported minor, who was really law enforcement officer in sting operation, to commit IDSI in internet chat room); *Commonwealth v. Jacob*, 867 A.2d 614 (Pa.Super.2005) (finding evidence sufficient to sustain conviction of criminal attempt to commit IDSI where defendant took substantial steps to meet purported twelve-year-old girl, who was really law enforcement officer posing as a minor on the internet, insofar as defendant engaged in multiple sexually explicit internet communications with purported minor and arrived at prearranged location to meet purported minor with condoms in his possession); *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1071 (Pa.Super.2004) (finding evidence sufficient for attempt where defendant took substantial steps in meeting purported minor after internet communications in a similar sting operation in that defendant drove a distance to meet the minor, purchased wine and condoms, and rented motel room). In sum, the fact that Appellant was actually communicating with Special Agent Guzy, as opposed to a twelve-year-old girl, is irrelevant for purposes of sustaining his conviction for criminal attempt at unlawful contact with a minor. *See* 18 Pa.C.S. §§ 901(a), 6318.

¶ 10 In his second issue, Appellant argues that the evidence was not sufficient to sustain his conviction for criminal use of a communication facility. Section 7512(a) of the Crimes Code states that "[a] person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title[.]" 18 Pa.C.S. § 7512(a). Appellant does not dispute that the underlying crimes are felo-

---

**2.** Appellant states, in a footnote in his brief, that he is not arguing impossibility as a defense. Appellant's brief at 9 n. 5. Despite

this bald proclamation, the substance of Appellant's argument reveals that he is, essentially, arguing impossibility as a defense.

nies. However, Appellant's sole contention here is that, if this Court concludes that the evidence is insufficient to sustain his conviction for attempt at unlawful contact with a minor then, in turn, we must also conclude that the evidence is insufficient to sustain his conviction for criminal use of a communication facility.

¶ 11 As explained above, we conclude that there was sufficient evidence to sustain Appellant's conviction for attempt at unlawful contact with a minor; therefore, Appellant's argument with regard to the insufficiency of evidence to support his conviction for criminal use of a communication facility must necessarily fail. However, we further note that the evidence was sufficient to sustain the conviction for criminal use of a communication facility. As noted, Appellant used his computer, gained access to an internet chat room, and communicated lewd messages to a person he believed to be a twelve-year-old girl, in furtherance of his felonious efforts to have unlawful contact with a minor.

¶ 12 For the foregoing reasons, we affirm the judgment of sentence.

¶ 13 Judgment of sentence affirmed.