## Commonwealth v. Detsch

C.P. of Berks County, no. CP-06-CR-4266-2005.

*Adrian Shchuka,* for the Commonwealth.
*Christopher M. Brett,* for defendant.

PARISI, *J.,* July 14, 2010—On January 20, 2010, the defendant was found guilty of a single count of sexual abuse of children possession of child pornography[1] following a non jury trial. This court subsequently ordered the Pennsylvania Sexual Offenders Assessment Board to evaluate the defendant in order to determine if he met the criteria for classification as a sexually violent predator. After the evaluation was conducted, this court determined that the defendant was not a sexually violent predator. On April 26, 2010, the defendant received a split sentence, with this court sentencing the defendant to a period of incarceration of not less than six months nor more than 23 months, followed by two years of pro-

---

1. 18 Pa.C.S. §6312(d)(1).

bation. On May 24, 2010, the defendant filed a timely notice of appeal to the Superior Court. The defendant raises the following claims on appeal:

"(1) Whether the evidence presented by the Commonwealth at trial was sufficient to sustain the conviction for sexual abuse of children when it was not shown the defendant possessed pornographic images of underage children and the reasonable inferences to be drawn from the evidence presented at trial are equally consistent with the possibility that someone other than the defendant possessed the images.

"(2) Whether the evidence presented by the Commonwealth at trial was sufficient to sustain the conviction for sexual abuse of children when it was not shown that the images were of real children as opposed to computer generated images.

"(3) The lower court erred by improperly admitting Commonwealth exhibit 12 based on the improper admission of Commonwealth exhibit 17 which was hearsay not subject to an exception under the Hearsay Rule, Pa. Rule of Evidence 802, and whose declarant was not subject to cross-examination, in violation of the defendant's right to confrontation in violation of the 6th Amendment to the U.S. Constitution and Article 1 Section 9 of the Pa. Constitution." Defendant's concise statement of matters complained of on appeal, 6/15/10.

## FACTUAL BACKGROUND

On February 14, 2005, a cybertip was generated by the National Center for Missing and Exploited Children which was then accessed by Detective David Peifer of

the Delaware County District Attorney's office. The tip indicated that an America Online (AOL) customer with the screen name "schiller1759" emailed an image of child pornography on February 11, 2005 from the email address "schiller1759@aol.com." The image appeared to be of a child under the age of 18 completely nude and engaged in a sexually explicit act/pose that revealed and exposed the child's genitalia. AOL informed Detective Peifer that the account subscriber associated with the screen name "schiller1759" was the defendant. Detective Peifer secured a court order enabling him to acquire the internet protocol (IP) address for the computer from which the image was sent. The IP address was linked to a phone number belonging to the defendant. Detective Douglas Weaver and other members of the Berks County detectives executed a search warrant on the defendant's residence located at 15895 Kutztown Road, Maxatawny Township, Pennsylvania. The defendant admitted that he was the subscriber of the AOL account described in the search warrant, but stated the account had been terminated in February for a violation, and now he knew what that meant. According to the defendant, the screen name, "schilier1759" was used by his roommate, Daniel Schaffer.

The police seized three computers, a hard drive, and hundreds of three and one-half inch floppy disks, five of which contained suspected child pornography, from the defendant's residence. The defendant admitted to downloading material onto the floppy disks and labeling them. Some of the disks that contained suspected pornography were commingled with college lesson plans, college examinations and college syllabi.

122

Dr. Mark Reuben, a board-certified pediatrician, examined the images of suspected child pornography and determined, within a reasonable degree of medical certainty, that there were four photographs of nude children under the age of 18.[2] One of these photographs was taken from on a floppy disk[3] labeled, "National Seminars Group,"[4] which was written in the defendant's handwriting. Next to this label were the letters "MF" and "G hole no. 2." Another photograph of nude individuals under the age of 18 was taken from a file labeled "bear 4047"[5] located on the defendant's Toshiba laptop. This file was accessed during the same time period as a file containing an answer sheet to a psychology exam on March 10, 2005.

The defendant, a Doctor of Philosophy, had previously taught psychology and related subjects at several schools, including Montgomery County Community College, and also conducted seminars for National Seminars Group.

## DISCUSSION

The defendant's first and second claims will be addressed together as they challenge the sufficiency of the Commonwealth's evidence.

When reviewing the sufficiency of the evidence courts view the evidence in the record in the light most favorable to the Commonwealth as the verdict winner, and draw all reasonable inferences in its favor. *Common-*

---

2. Commonwealth exhibits 13, 20, 21, and 24.
3. Commonwealth exhibit 12.
4. Commonwealth exhibit 13.
5. Commonwealth exhibit 20.

*wealth v. Davidson,* 860 A.2d 575, 579-80 (Pa. Super. 2004). The reviewing court must then determine whether the evidence was sufficient to have permitted the trier of fact to find that each and every element of the crimes charged was established beyond a reasonable doubt. *Id.* at 580. The facts established by the Commonwealth need not be absolutely incompatible with the defendant's innocence so long as the evidence against the defendant is not "so weak and inconclusive that as a matter of law no probability of fact can be drawn from the circumstances." *Id.* The Commonwealth may meet its burden by means of wholly circumstantial evidence. *Commonwealth v. Craybill,* 926 A.2d 488, 490 (Pa. Super. 2007). Furthermore, it is within the province of the trier of fact to weigh the credibility of witnesses and to believe all, part, or none of their testimony. *Commonwealth v. McCalman,* 795 A.2d 412, 415 (Pa. Super. 2002).

Under section 6312(d)(1), a person commits a felony of the third degree when they:

"knowingly possess or control any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction, or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act."

A "prohibited sexual act" is defined as under section 6312(a) as:

"sexual intercourse, masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals, or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction."

Accordingly, there are three elements which the Commonwealth must satisfy to support a conviction under section 6312(d)(1): (1) there must be a depiction of an actual child engaged in a prohibited sexual act or simulation of such act; (2) the child must be under the age of 18; and (3) the defendant must have knowingly possessed or *controlled* the depiction. *Commonwealth v. Koehler,* 914 A.2d 427, 436 (Pa. Super. 2006). (emphasis added)

Accessing the internet and viewing child pornography over the internet constitutes control for purposes of section 6312(d). *Id.* at 436-37.

A review of the record reflects the Commonwealth established that the defendant knowingly possessed or controlled prohibited material under section 6312(d)(1). The defendant admitted to owning the computer and the AOL account from which the initial illicit photograph that triggered the investigation was emailed. The defendant admitted to downloading the files from his computers onto floppy discs and labeling the discs with names that corresponded to the names from the original files. The Commonwealth's expert, Dr. Reuben, established that there were four photographs of nude children under the age of 18 among the material removed from the computers and floppy discs belonging to defendant. One of the images which Dr. Reuben determined depicted a nude child under the age of 18 was taken from a floppy disc labeled "National Seminars Group," a group which the defendant was previously associated with. Additionally, the police found photographs of nude individuals established to be under the age of 18, in a file labeled "Adil_0171" taken from the defendant's HP Pavilion

desktop computer and in a file labeled "bear 4047" taken from the defendant's Toshiba laptop. The "bear 4047" file was accessed during the same time period as a file containing an answer sheet to a psychology exam on March 10, 2005.

Despite the reasonable inferences the fact-finder may derive from this evidence, the defendant alleges the evidence presented at trial is equally consistent with their theory that someone other than the defendant possessed the images. This contention ignores the standard of review. In this case it was the province of the court, as trier of fact, to determine the weight to be accorded to the evidence and to assess the credibility of the witnesses. *Koehler,* 914 A.2d at 437. This court found the Commonwealth's evidence to be credible and disbelieved the defendant's theory that his roommate downloaded the images of child pornography and maintained exclusive access to and control over the images. The defendant's argument regarding possession and control is further undermined by the fact that at least one of the images of child pornography was accessed during the same time period as a file containing material for a course taught by the defendant. Given the totality of the evidence presented at trial, there exists no reason to disturb this court's finding that the defendant knowingly possessed or controlled the depictions of nude children for the purpose of sexual gratification in violation of section 6312(d)(1).

The defendant further contends that his conviction cannot stand as the Commonwealth failed to establish that the depictions were of real children as opposed to

computer generated images. Again, this claim ignores the logical inferences that this court derived from the evidence presented at trial. Dr. Reuben, stated he had reviewed the photographs of individuals relevant to the defendant's case. He testified to a reasonable degree of medical certainty that four of the *photographs* he reviewed depicted *nude children* under the age of 18. Dr. Reuben explained, in depth, the analysis he used to determine whether these individuals were under the age of 18 based upon their sexual development. Given Dr. Reuben's experience[6] and the context of his testimony, this court as trier of fact, could reasonably infer, especially after having viewed the photographs, that these items were photographs of "real children" and not computer generated images. See *Davidson,* 860 A.2d at 584. Thus, when viewed in the light most favorable to the Commonwealth, the evidence present at trial was sufficient to sustain the defendant's conviction for a single count of sexual abuse of children possession of child pornography.

The defendant's final claim is that this court erred in admitting Commonwealth exhibit 12 based upon an improper admission of Commonwealth exhibit 17 as this exhibit constituted hearsay and did not meet any exceptions to the hearsay rule under Pa.R.E. 802.

---

6. Dr. Reuben's qualifications included three years of pediatric training at St. Christopher's Hospital for Children in Philadelphia, certification by the American Board of Pediatrics, and over 30 years in practice as a pediatrician. His professional experience included viewing thousands of patients in person and viewing pictures of children as an expert witness in previous court cases.

In Pennsylvania, hearsay is defined as an out-of-court statement offered at trial to prove the truth of the matter asserted. Pa.R.E. 801. However, an out-of-court statement offered to explain a witness' course of conduct is not hearsay and is admissible without first satisfying any of the hearsay exceptions. *Commonwealth v. Rega,* 593 Pa. 659, 693, 933 A.2d 997, 1017 (2007).

At trial, Detective Weaver testified that the images in the photographs taken from the floppy disc labeled "National Seminars Group," contained known images of child pornography as these images were part of the "Sabban" series.[7] Defense counsel objected on the basis of hearsay to this testimony and to the admission of a letter[8] from Brazilian law enforcement officer, Julio Velez, regarding an investigation of the "Sabban" series which stated that the individuals in the photograph removed from the floppy disc labeled "National Seminars Group" were under the age of 18. This court overruled the objections to the admission of the letter and the testimony about the "Sabban" series investigation. N.T., bench trial, 1/19/10, pp. 37, 39, and 129. However, this court expressly stated that it would admit this evidence solely for the purpose of Detective Weaver explaining his investigation and not as a conclusion as to whether the images in the "Sabban" series, in fact, met the definition of child pornography under Pennsylvania law. *Id.* at p. 39.

---

7. Detective Weaver testified that the "Sabban" series is a series of images of individuals which law enforcement officers have previously reviewed during investigations and determined that the individuals in the images were under the age of 18.

8. Commonwealth exhibit 17.

Based on this court's ruling, the letter regarding the "Sabban" series and Detective Weaver's testimony about the "Sabban" series investigations were not admitted to prove the truth of the matter asserted, *i.e.,* that the individuals in the photographs removed from the defendant's residence were under the age of 18. Detective Weaver stated that he reviewed the letter to determine if any of the images from the "National Seminars Group" floppy disc were part of the "Sabban" series as part of his initial investigation. As this court limited the admission of this testimony regarding the "Sabban" series and the letter solely to explain the course of action taken by Detective Weaver in his initial investigation of the defendant, this evidence did not constitute hearsay evidence, See *Rega,* 593 Pa. at 693, 933 A.2d at 1017. As a result, the floppy disc labeled "National Seminars Group" and the images contained therein were not improperly admitted based upon hearsay evidence. Therefore, the defendant's right to cross-examination under the confrontation clauses of the federal and state constitutions was not violated. Thus, the defendant's final claim on appeal fails.

For the foregoing reasons, this court respectfully requests that the defendant's appeal be denied.