J-S65027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: R.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  R.F. | No. 419 EDA 2014 |

Appeal from the Dispositional Order January 8, 2014
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0004269-2013

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 30, 2014**

Appellant, R.F., appeals from the dispositional order entered on January 8, 2014.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> On December 5, 2013, School Police Officer [] Edward Cohen was on duty in full uniform at the Fels High School. . . .  SPO Cohen was located at the rear doors of the lunchroom to prevent students from entering.  [Appellant] pulled the door open and SPO Cohen asked [Appellant] five or six times to let go of the door.   [Appellant] did not respond.  Dean Christopher Jones approached and both Dean Jones and SPO Cohen asked [Appellant] for identification.   Dean Jones was in front of [Appellant] and SPO Cohen was behind [Appellant.  Appellant] replied that he did not have identification, turned, and walked away down the hall.  Dean Jones again requested identification. SPO Cohen put his hands up several times to stop [Appellant], but [Appellant] pushed his arms away a couple of times to get past him.  [Appellant] told Dean Jones that he was going to "f[---] him up."   As [Appellant] again proceeded down C-Hallway towards the exit, SPO Cohen put his hands out and [Appellant] again pushed SPO Cohen.  Someone had called for help and two other officers arrived.   [Appellant] refused to put his hands behind his back, when he was told that he was under arrest.

* Retired Senior Judge assigned to the Superior Court.

[Appellant] resisted being placed into handcuffs by SPO Cohen and two other officers.

Finally, the officers placed [Appellant] into handcuffs and took him into a holding room, in which they searched his pockets. Although [Appellant] was new in the school, SPO Cohen believed that he could have been a trespasser. [Appellant] possessed a roster bearing his name in his pockets. [Appellant could] have easily proven his identification by providing the roster to the Dean or SPO Cohen. [Appellant] told SPO Cohen "You don't know who you're dealing with . . . I'll get you off the school property and then you'll know who you're dealing with." [Appellant] repeated that same statement numerous times. [Appellant] seemed angry when he made said statements. SPO Cohen was quite concerned about the nature of [Appellant]'s threat.

In total, [Appellant] pushed SPO Cohen five or six times. [Appellant] pushed SPO Cohen's arms at times, but also pushed SPO Cohen's body, forcing him to move back one or two steps. It took a total of three officers to subdue [Appellant]. In resisting arrest, [Appellant] kept pushing the officers away and the officers were forced to take [Appellant] down to the floor. SPO Cohen was not injured as a result of [Appellant]'s actions.

[Appellant]'s mother, [C.K.], testified that [Appellant] has a reputation for being peaceful and law-abiding. [Appellant] testified that December 5, 2013 was his first day at Fels High School. [Appellant] testified that he was trying to find someone that he knew in the lunchroom, in order to get to class. [Appellant] testified that he felt disrespected by the manner in which SPO Cohen told him to "move." [Appellant] told SPO Cohen to "watch his mouth." [Appellant] never told Dean Jones or SPO Cohen that he was a new student. [Appellant] claims that he pushed SPO Cohen in retaliation for initially being pushed. [Appellant] admits to tussling with SPO Cohen. [Appellant] denied threatening anyone, but admitted to stating "You all are some toy cops. F[---] you all." Th[e trial] court did not find [Appellant] to be credible.

Trial Court Opinion, 5/12/14, at 1-3 (internal citations omitted).

The procedural history of this case is as follows. On December 5, 2013, Appellant was charged with aggravated assault,[1] simple assault,[2] resisting arrest,[3] disorderly conduct,[4] making terroristic threats,[5] and harassment.[6] On December 16, 2013, the trial court adjudicated Appellant delinquent as to the aggravated assault, making terroristic threats, and harassment charges. On January 8, 2014, the trial court issued a dispositional order in which it, *inter alia*, ordered Appellant be placed on house arrest. This timely appeal followed.[7]

Appellant presents one issue for our review:

> Was not the evidence insufficient to sustain [Appellant]'s aggravated assault adjudication[?]

Appellant's Brief at 3.

"Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is

---

[1] 18 Pa.C.S.A. § 2802(a)(3).

[2] 18 Pa.C.S.A. § 2801.

[3] 18 Pa.C.S.A. § 5104.

[4] 18 Pa.C.S.A. § 5503.

[5] 18 Pa.C.S.A. § 2706.

[6] 18 Pa.C.S.A. § 2709.

[7] On February 24, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** P.A.R.A.P. 1925(b). On March 12, 2014, Appellant filed his concise statement. On May 12, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

plenary." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "Additionally, the evidence at trial need not preclude every possibility of innocence. . . . [T]he fact-finder is free to believe all, part[,] or none of the evidence." ***Commonwealth v. Trinidad***, 90 A.3d 721, 728 (Pa. Super. 2014) (citation omitted).

"A defendant may be convicted of aggravated assault under []section 2702(a)(3) of the Crimes Code if he 'attempted to cause or intentionally or knowingly cause[d] bodily injury to an officer in the performance of duty.'" ***Commonwealth v. Rahman***, 75 A.3d 497, 501 (Pa. Super. 2013), *quoting* 18 Pa.C.S.A. § 2702(a)(3) (internal alterations, ellipsis, and footnote omitted). "Bodily injury is defined as 'impairment of physical condition or substantial pain.'" ***Id.***, *quoting* 18 Pa.C.S.A. § 2301.

In this case, there is no dispute that SPO Cohen is an officer as defined by 18 Pa.C.S.A. § 2702(c). Furthermore, there is no dispute that Appellant failed to cause bodily injury to SPO Cohen. Instead, the trial court concluded that Appellant attempted to cause bodily injury to SPO Cohen. ***See*** Trial Court Opinion, 5/12/14, at 4. Thus, the Commonwealth was

- 4 -

required to prove specific intent. *See Commonwealth v. Crabill*, 926 A.2d 488, 491 (Pa. Super. 2007) (citation omitted).

Appellant contends that he did not have the specific intent to cause bodily injury to SPO Cohen. He contends that he was merely attempting to avoid what, in his view, was an unjust detention by Dean Jones and SPO Cohen. Appellant relies upon *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa. Super. 1997), for the proposition that his actions do not manifest the necessary specific intent for aggravated assault. We conclude, however, that *Wertelet* is distinguishable from the case at bar and that there was sufficient evidence for the trial court to find that Appellant possessed the requisite specific intent for aggravated assault.

In *Wertelet*, the defendant was engaged in a dispute with the telephone company. *Id.* at 207-208. The telephone company called the state police. *Id.* at 208. The troopers attempted to prevent the defendant from filling in a ditch with a rake. *Id.* The defendant refused to let go of the rake. *Id.* The troopers then attempted to place the defendant under arrest. *Id.* The defendant began to struggle with the troopers and during the course of the struggle twice kicked one of the troopers in his shin. *Id.* The defendant was convicted of aggravated assault under section 2702(a)(3). *Id.* We held that the evidence was insufficient to sustain the defendant's aggravated assault conviction because the trooper did not sustain a bodily injury. *Id.* at 213.

The key distinction between **Wertelet** and the case *sub judice* is that in **Wertelet** this Court did not address whether the defendant could be convicted of aggravated assault for **attempting** to cause bodily injury to the state trooper. Instead, this Court's sole focus was on whether the trooper sustained bodily injury. As noted above, there is no such dispute in this case. The trial court, the Commonwealth, and Appellant all agree that SPO Cohen did not suffer a bodily injury. Instead, the dispute in this case is whether sufficient evidence supported the trial court's determination that Appellant attempted to cause bodily injury to SPO Cohen.

In this case, there was ample circumstantial evidence that Appellant attempted to cause bodily injury to SPO Cohen. Specifically, Appellant pushed SPO Cohen five or six times. N.T., 12/16/13, at 6. The trial court reasonably concluded that the forceful pushing of SPO Cohen evidenced Appellant's specific intent to cause bodily injury. After pushing SPO Cohen a couple times, Appellant told Dean Jones that he was going to "F[---] him up." **Id.** at 4. He also told SPO Cohen that "you don't know who you're dealing with," and "I'll get you off the school property and then you will know who you're dealing with." **Id.** at 5. Appellant likewise threatened the officers who eventually assisted SPO Cohen in detaining him. **Id.** at 8. Although these threats conveyed future actions Appellant intended to take against both SPO Cohen and others, the trial court reasonably determined

that such threats also evidenced Appellant's immediate specific intent to cause bodily injury to SPO Cohen.

Appellant's own testimony also indicates that he had the specific intent to cause bodily injury to SPO Cohen. Appellant testified that he felt disrespected by SPO Cohen. N.T., 12/16/13, at 17. Appellant admitted to telling SPO Cohen and his colleagues that "You all are some toy cops, F you all." *Id.* at 18. The trial court reasonably determined that Appellant's feeling of disrespect towards the officers evidenced his intent to cause bodily injury to SPO Cohen. Finally, Appellant testified that he did not intend to cause bodily injury to SPO Cohen. *See id.* at 19. The trial court, who was able to evaluate Appellant's credibility, found that testimony not credible. Viewing the evidence in the light most favorable to the Commonwealth, we conclude that it was Appellant's conscious objective to inflict bodily injury in this case; therefore, the evidence supports Appellant's adjudication for aggravated assault under section 2702(a)(3).

Appellant also relies upon *In re M.H.*, 758 A.2d 1249 (Pa. Super. 2000), *appeal denied*, 766 A.2d 1250 (Pa. 2001); however, *M.H.* is distinguishable from the case at bar. In *M.H.*, an education aide broke up a fight in the school cafeteria. *Id.* at 1250. While the aide was walking M.H., one of the combatants, to the office M.H. grabbed the aide's arm, shoved her, and told her to "back off." *Id.* M.H. caused bodily injury to the aide by

grabbing her arm and was thus adjudicated delinquent for simple assault for recklessly causing bodily injury. *Id.* We affirmed. *Id.* at 1253.

Appellant argues that since we concluded that M.H.'s conduct was reckless, we should make the same finding that Appellant's conduct was reckless, and not intentional. However, there is significantly more evidence in the case at bar that Appellant's actions were intentional than there was in *M.H.* M.H. only grabbed and pushed the aide's arm once. In this case, Appellant shoved SPO Cohen's arm five or six times. In *M.H.*, the only verbal manifestation of M.H.'s intent was a statement directing the aide to back off. In this case, Appellant repeatedly used much more threatening language and threatened at least four individuals with bodily harm during the course of his assault of SPO Cohen. Moreover, contrary to Appellant's suggestion, the absence of bodily injury does not preclude a finding that Appellant harbored the specific intent to cause such a result. Finally, there is no indication in *M.H.* of whether M.H. testified and whether the trial court determined that her testimony was worthy of belief. In this case, Appellant testified that he did not intend to cause bodily injury to SPO Cohen and the trial court found that testimony not to be credible. As this Court stated in *M.H.*, the fact that Appellant "was a student and [the victim a school police officer] only serves to highlight the assaultive nature of the contact. Violence in our public schools is an ever increasing problem which presents a

troubling challenge to [staff] charged with the weighty responsibility of educating our Commonwealth's children." *In re M.H.*, 758 A.2d at 1252.

Appellant's citation to a long list of cases in which this Court has affirmed misdemeanor convictions for conduct which Appellant contends is as egregious as his conduct in this case is not persuasive. Often times the evidence presented at trial would be sufficient to convict a defendant of a more serious crime than that with which he or she is ultimately convicted. This may result from the prosecution exercising its discretion to charge a defendant with a lesser crime. In other cases, the fact-finder may determine that the defendant testified more credibly than an alleged witness or victim. In this case, that did not occur. The Commonwealth chose to proceed with the aggravated assault charge and the trial court determined that Appellant was not a credible witness.

Finally, throughout his brief Appellant cites to the collateral consequences that attach to his adjudication as a felon. He argues that his conduct, while not to be condoned, does not warrant a scarlet letter as a felon. We may not, however, consider such collateral consequences when examining whether the evidence was sufficient for the trial court to adjudicate Appellant delinquent with respect to the aggravated assault charge. As we conclude that the evidence was sufficient for the trial court to find that Appellant had the requisite specific intent for aggravated assault, we affirm.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2014