J-S26009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID N. MOORE, | |
| Appellant | No. 1445 EDA 2017 |

Appeal from the Judgment of Sentence Entered March 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003525-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 30, 2018**

Appellant, David N. Moore, appeals from the judgment of sentence of an aggregate term of five to ten years' imprisonment, followed by five years' probation, entered after a jury convicted him of unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1), corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i), and indecent assault, 18 Pa.C.S. § 3126(a)(7).  We affirm.

The trial court summarized the procedural history and factual background of this case as follows:

<u>PROCEDURAL HISTORY</u>

On March []8, 2014, Appellant was arrested and charged with [i]nvoluntary [d]eviate [s]exual [i]ntercourse, [u]nlawful [c]ontact with a [m]inor, [c]orruption of [m]inors, [i]ndecent [a]ssault, and related offenses.  On October 28, 2016, following a three-day jury trial before this [c]ourt, Appellant was found guilty

_____

[*] Former Justice specially assigned to the Superior Court.

of [u]nlawful [c]ontact with a [m]inor, [c]orruption of [m]inors, and [i]ndecent [a]ssault. Sentencing was deferred for a Megan's Law assessment, preparation of a [p]resentence [r]eport, and a [m]ental [h]ealth [e]valuation. On March 21, 2017, following a sentencing hearing, Appellant was determined not to be a [s]exually [v]iolent [p]redator. He was sentenced to an aggregate term of five (5) to ten (10) years['] imprisonment at a state facility followed by five (5) years' probation.

A [p]ost-[s]entence motion was filed seeking [r]econsideration of the sentence imposed. On April 5, 2017, Appellant's Motion for Reconsideration of Sentence was denied. This [a]ppeal followed. Pursuant to Pa.R.A.P. 1925(b), Appellant was instructed to file a Statement of Matters Complained of on Appeal….

### FACTS

In 2014, the minor complainant, M.S. was eleven years old. M.S.'s neighbor, who was also her babysitter, is the mother of [] Appellant's girlfriend. [] Appellant frequently visited his girlfriend's residence during this time.

On February 17, 2014, M.S.[] was at her babysitter's residence overnight while her mother was away. [] Appellant was also at the residence on this day. [] Appellant entered the room where M.S. was sleeping and made several sexual comments about her virginity and whether she had previously engaged in oral sex. Appellant then proceeded to attempt to pull M.S. out of the bed where she was sleeping. Afterwards, Appellant left the room but returned at a later point in the night while M.S. was asleep.

During … Appellant's second visit in the bedroom, M.S. testified that … Appellant placed his penis in her mouth while she was asleep. After … Appellant left the room this time, M.S. told … Appellant's girlfriend what occurred. On the morning of February 18, M.S. informed her mother of the events that occurred the night before. Her mother contacted Philadelphia Police, who also interviewed M.S. that morning. M.S. gave a similar account of Appellant's behavior when she was interviewed at Philadelphia Children's Alliance.

Trial Court Opinion (TCO), 11/14/2017, at 1-2 (internal citations and footnote omitted).

As mentioned above, Appellant filed a timely notice of appeal. On May 8, 2017, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days of the order, *i.e.*, on or before May 29, 2017. *See* Trial Court Order, 5/8/2017, at 1 (unnumbered pages). On May 31, 2017, Appellant filed a motion for an extension of time to file his Rule 1925(b), as he had ordered certain notes of testimony but had not yet received them. *See* Motion to Extend Due Date to Submit Rule 1925(b) Statement, 5/31/2017, at 3.[1] On June 6, 2017, the trial court granted Appellant an extension of time to file his Rule 1925(b) statement until June 19, 2017. *See* Trial Court Order, 6/6/2017, at 1 (unnumbered pages). On June 30, 2017, Appellant filed his Rule 1925(b) statement. Rule 1925(b) Statement, 6/30/2017, at 1. Despite this untimely filing, the trial court issued a Rule 1925(a) opinion addressing Appellant's issues on November 14, 2017. *See* TCO at 1.

Presently, Appellant raises the following issues for our review:

1. Did the [c]ourt err by not declaring [a] mistrial based upon the Commonwealth['s] stating that the [c]omplainant matters and deserves justice, and the only way you can show her that [she] matters is to find [Appellant] guilty?

2. Was the evidence sufficient to convict Appellant…?

Appellant's Brief at 3.

Initially, we observe that Appellant's untimely filing of his Rule 1925(b) statement does not preclude our review. This Court has previously explained

---

[1] We note that Appellant was represented by counsel at this time.

- 3 -

that, "in the event a Rule 1925(b) statement is filed late by a represented criminal defendant, such constitutes *per se* ineffectiveness so that the proper remedy is to remand for the filing of such a statement *nunc pro tunc*." ***Commonwealth v. Grohowski***, 980 A.2d 113, 114 (Pa. Super. 2009) (citation omitted). "Furthermore, where the trial court has filed an opinion addressing the issues presented in the 1925(b) concise statement, we may review the merits of the issue presented." ***Id.*** (citation and footnote omitted); ***see also Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) ("[U]ntimely filing of a 1925 concise statement ought to have no more severe consequence than a complete failure to file. Thus, if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal."). Thus, we may proceed to the merits of Appellant's issues.

In his first issue, Appellant argues that the trial court "erred by not declaring a mistrial based upon the Commonwealth['s] stating that the complainant matters and deserves justice, and the only way you can show her that [she] matters is to find [Appellant] guilty." ***See*** Appellant's Brief at 20 (unnecessary capitalization omitted). Appellant contends that the Commonwealth's "improper statement went directly to the jury's assessment of the complainant's testimony and credibility, which was the core of the Commonwealth's case[,]" and claims that "the prosecutor's statement, essentially a personal assurance that the government was prosecuting the case because the victim was telling the truth, clearly amounts to improper

bolstering or vouching." *Id.* at 20, 24. In addition, Appellant argues that "this is not a case where strong curative instructions offset the impact of improper argument. With respect to witness credibility and closing arguments, the judge merely gave the general instructions." *Id.* at 21-22.

We apply the following standard of review:

In reviewing the denial of a motion for a mistrial, we evaluate whether the trial court abused its discretion. *Commonwealth v. Caldwell*, 117 A.3d 763, 774 (Pa. Super. 2015).

> [I]t is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Prosecutorial misconduct is evaluated under a harmless error standard.

*Id.* (citations omitted). "Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial." *Commonwealth v. Watkins*, … 108 A.3d 692, 720-21 ([Pa.] 2014). A mistrial is "required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Caldwell*, 117 A.3d [at] 774…. Moreover, a trial court may issue curative instructions to remove taint unless after a review of all the circumstances it determines that a curative instruction would be insufficient, warranting the extreme remedy of a mistrial. *Id.*

*Commonwealth v. Brown*, 134 A.3d 1097, 1106-07 (Pa. Super. 2016).

In the case *sub judice*, Appellant specifically complains of the following remarks by the Commonwealth in its closing argument:

Yesterday I told you that you were here to find the truth, not doubt. Most rapists don't hunt on the street; they hunt where

- 5 -

they're trusted. [Appellant] is the only reason why we are here. He's an adult, and he chose [M.S.] as his victim, an 11-year-old child. Defense says this didn't happen, and it was a fantasy. Nobody wants this to have happened, let alone, [M.S.] Ten thousand words from myself or defense counsel can't rival the words that you heard from [M.S.] yesterday when she was on that stand and the pain that you saw in her face when she had to tell you about the abuse that happened to her that night.

There is no question, there is no doubt, that the evidence that has been presented to you meets each and every element of every crime charged. With your verdict, you have the power and the opportunity to do the right thing, to stand up for [M.S.], hear her voice, tell her that she matters, and that she deserves justice. The evidence requires you to do so, and to find [Appellant] guilty.

N.T. Trial (Vol. I), 10/27/2016, at 20-21; *see also* Appellant's Brief at 20

(setting forth the Commonwealth's purportedly improper statements).

In rejecting Appellant's request for a mistrial, the trial court reasoned:

Appellant's contention that the Commonwealth argued "the only way you can show her that [she] matters is to find [Appellant] guilty" is unfounded. The Commonwealth argued that the jury had the power to do as such and that the evidence *required* such a verdict. Appellant has attempted to isolate the prosecutor's comment, but when considered in the context it was made, the comments were fair for closing argument.

Even if the prosecutor's statement was misconduct, it does not rise to the level of conduct so flagrant that a mistrial ruling was warranted. Nor has this court abused its discretion in denying a mistrial. Furthermore, if any prejudice resulted from the comment, it was remedied when this [c]ourt instructed the jury on statements or arguments made by counsel. This [c]ourt instructed the jury after closing arguments that their "determination of the facts should not be based on empathy for or prejudice against the defendant or the crime, nor which attorney made the better speech or which attorney you liked better." [N.T. Trial (Vol. III), 10/27/2016, at 77]. The jury was further instructed that "you are not bound by my recollection nor by the recollection of counsel in their arguments to you." *Id.*

The jury was clearly told they could not rely on the statements of counsel in reaching their verdict. It is presumed that the jury

followed the [c]ourt's instructions. ***See Commonwealth v. Cash***, ... 137 A.3d 1262, 1280 (Pa. 2016) ("It is well settled that the jury is presumed to follow the trial court's instructions, ... and [the appellant] does not otherwise attempt to offer any evidence establishing that the jury failed to do so in this case.") (internal citation omitted). Therefore, Appellant was not deprived of a fair and impartial trial, the extreme remedy of a mistrial was not warranted, and this court has not abused its discretion in any way.

TCO at 3-4 (some brackets added; emphasis in original). We agree, and accordingly determine that the trial court did not abuse its discretion in denying Appellant's request for a mistrial.[2]

_____

[2] In addition, we make three observations. First, we note that, "[d]uring closing argument, a prosecutor may comment on the credibility of a Commonwealth's witness, especially where that witness' credibility is attacked by the defense. ... A prosecutor may also ask a jury, in his or her closing argument, to consider intangibles such as a witness' demeanor while testifying when assessing that witness' credibility." ***Commonwealth v. La***, 640 A.2d 1336, 1347 (Pa. Super. 1994) (citations omitted); ***see also Commonwealth v. Judy***, 978 A.2d 1015, 1020 (Pa. Super. 2009) ("It is settled that it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses. However, the prosecutor may comment on the credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility.") (citation omitted). Thus, to the extent the Commonwealth's closing argument referred to M.S.'s credibility, we conclude it does not warrant a mistrial.

Second, although Appellant complains that the trial court did not give any "strong curative instructions" in response to the Commonwealth's closing argument, ***see*** Appellant's Brief at 21, it appears that Appellant only requested a mistrial, and did not specifically ask for a curative instruction at trial. ***See*** N.T. Trial (Vol. III), 10/27/2016, at 71-72. Thus, Appellant has waived any argument regarding a lack of curative instruction. ***See Judy***, 978 A.2d at 1018 ("While the lack of a request for a contemporaneous curative instruction constitutes a waiver of any claim of error based upon the failure to give such curative instruction, the objection coupled with the request for the

Next, Appellant challenges the sufficiency of the evidence to sustain his convictions. *See* Appellant's Brief at 25. He claims that "[t]here was insufficient physical evidence under the facts of the case at bar and a lack of prompt complaint to convict Appellant[.]" *Id.* at 27.[3]

We find this claim waived. Appellant has not adequately developed this issue for our review; instead, he simply regurgitates the factual history of the case, lists the statutes under which he was convicted, and sets forth the applicable standard of review. *See id.* at 25-27. It is well-established that "this Court will not become counsel for an appellant and develop arguments

_____

remedy of a mistrial preserves denial of the mistrial for appellate review.") (citation omitted).

Third, our review of relevant case law reveals that mistrials have not been granted where the Commonwealth has remarked in its closing argument that the victim — or the victim's family — deserves justice. *See Commonwealth v. Reid*, 99 A.3d 470, 509 (Pa. 2014) (determining the Commonwealth's closing argument did not have the unavoidable effect of prejudicing the jurors where it stated, *inter alia*, "The Commonwealth demands justice. [The victim's mother] demands justice. Those of us who still believe right is right and wrong is wrong demand justice.") (emphasis omitted); *Judy*, 78 A.2d at 1027 ("The arguments to the effect that the victim had a right to be believed, that the victim deserved justice, and that the abuse at the hands of [the a]ppellant will stay with the victim into adulthood, represented permissible oratorical flair responsive to the defense contentions that such a troubled child was not worthy of belief."). Therefore, no relief is due on this basis.

[3] Like the Commonwealth, we are befuddled by Appellant's argument that M.S. did not promptly complain of the sexual assault. As the Commonwealth points out, "the victim disclosed the assault the same night that it happened. That the first adult she told, [Appellant's girlfriend], wanted to protect [Appellant] was no fault of the victim. Then … the victim told her mother what happened the next morning." Commonwealth's Brief at 13 (internal citation omitted). Moreover, M.S. "described the assault to hospital staff later that day, and then to detectives a few weeks later." *Id.*

on an appellant's behalf." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citation omitted). Further, "[i]n order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove." ***Id.*** (citation omitted). Appellant provides no such discussion or analysis. Accordingly, he has waived this claim.

Nevertheless, even if not waived, we would reject Appellant's sufficiency arguments. We apply the following standard of review to sufficiency claims:

> [O]ur applicable standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. Additionally, when examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.

***Commonwealth v. Crabill***, 926 A.2d 488, 490-91 (Pa. Super. 2007) (internal citations and quotation marks omitted).

Here, Appellant's arguments alleging insufficient physical evidence and the lack of prompt complaint by the victim appear to challenge the weight, rather than the sufficiency, of the evidence. ***Samuel***, 102 A.3d at 1005 (stating that arguments regarding credibility "attack[] the weight, rather than the sufficiency, of the evidence"); ***see also Commonwealth v. Lane***, 555 A.2d 1246, 1250 (Pa. 1989) ("Unquestionably, a prompt complaint is a factor

which must be assessed with all of the other pertinent evidence bearing upon the question of the credibility of the complaining witness."); ***Commonwealth v. Diaz***, 152 A.3d 1040, 1047 (Pa. Super. 2016) ("[T]he lack of corroborating physical evidence does not undermine the victim's testimony, found to be credible by the jury, that Diaz sexually assaulted her while she was intoxicated. Indeed, this Court has long-recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses.") (internal quotations, original brackets, and citation omitted).[4]

Notwithstanding the purported lack of physical evidence and prompt complaint by M.S., her testimony was sufficient to sustain each of Appellant's convictions. In relevant part, the jury convicted Appellant of the following:

§ 6301. Corruption of minors

**(a) Offense defined.--**

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

---

[4] As the Commonwealth observes, Appellant does not raise a weight claim on appeal, nor did he raise such a claim below. Commonwealth's Brief at 10 n.2 (citing Pa.R.Crim.P. 607(A), which requires that a weight claim be raised with the trial judge orally or by written motion before sentencing, or in a post-sentence motion).

18 Pa.C.S. § 6301(a)(1)(i).[5]

§ 3126. Indecent assault

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

…

(7) the complainant is less than 13 years of age[.[6]]

18 Pa.C.S. § 3126(a)(7).

§ 6318. Unlawful contact with minor

**(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the

---

[5] We note:

> In deciding what conduct can be said to corrupt the morals of a minor, the common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it. Furthermore, corruption of a minor can involve conduct towards a child in an unlimited number of ways. The purpose of such statutes is basically protective in nature. These statutes are designed to cover a broad range of conduct in order to safeguard the welfare and security of our children. Because of the diverse types of conduct that must be proscribed, such statutes must be drawn broadly. It would be impossible to enumerate every particular act against which our children need be protected.

***Commonwealth v. Walker***, 139 A.3d 225, 234 (Pa. Super. 2016) (citation omitted).

[6] "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1).

In the case *sub judice*, M.S. testified that Appellant asked her questions about whether she was a virgin, and if she ever had her "virginity eaten and stuff." N.T. Trial, 10/26/2016 (Vol. I), at 11. M.S. explained that Appellant returned later while she was asleep, and "put his private part in [her] mouth." *Id.* at 12. In addition, M.S.'s mother testified that when she picked up M.S. the next morning, M.S. told her that Appellant "made her suck his penis[.]" N.T. Trial (Vol. II), 10/26/2016, at 37. Further, as the trial court noted, M.S. provided a similar account of the assault in her subsequent interview at Philadelphia Children's Alliance. *See* TCO at 2 (citation omitted). We would therefore deem the evidence sufficient to support Appellant's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/18

- 12 -