**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES RAYMONT CRUMP, | |
| Appellant | No. 801 WDA 2017 |

Appeal from the Judgment of Sentence Entered April 25, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000429-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 07, 2018**

Appellant, James Raymont Crump, appeals from the judgment of sentence of one year of probation, imposed after he was convicted of simple assault, 18 Pa.C.S. § 2701(a)(3), and harassment, 18 Pa.C.S. § 2709 (a)(4). We affirm.

The trial court summarized the facts adduced at trial as follows:

[O]n November 5, 2016, Dale Overly and his brother went to [Appellant's] house to look at a car [Appellant] had listed for sale on the Offer Up website.  After looking at the car, Overly and [Appellant] agreed on a sale price.  [Appellant] then took Overly to see his girlfriend's van, which was also for sale.  Overly also agreed to buy the van and Overly transferred some items from his own vehicle into the van to clear space in the back seat.  The four then got into Overly's SUV to go to a notary to transfer the titles.  Once the group arrived at the notary, Overly left briefly to go to an ATM to get money for the purchases.  When he returned,

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] stated that the price had gone up. Overly refused to pay the higher price and left the notary. [Appellant] approached the driver['s] side of Overly's vehicle as Overly was beginning to leave, and asked for the keys to the van back. Overly replied that he would return the keys when he retrieved his belongings from the van. [Appellant] lifted his shirt to show a gun in a holster, pulled it out and said[,] "Either give me the key or I'm going to shoot you."

Trial Court Opinion (TCO), 12/4/2017, at 2 (internal citation omitted).

Following a non-jury trial on April 25, 2017, the trial court found Appellant guilty of the above-stated offenses, and sentenced him to one year of probation. He subsequently filed a timely notice of appeal, and timely complied with the trial court's instruction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now raises the following issues for our review:

I. Did the evidence sufficiently prove that [Appellant] intentionally placed Dale Overly in fear of serious bodily injury, constituting a physical menace, in order to support his simple assault by physical menace conviction?

II. Did the evidence sufficiently prove that [Appellant's] actions demonstrated the intent to harass, annoy, or alarm Dale Overly, in order to support his harassment conviction?

Appellant's Brief at 4 (unnecessary emphasis and capitalization omitted).

We apply the following standard of review to sufficiency claims:

[O]ur applicable standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. Additionally, when examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and

the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.

***Commonwealth v. Crabill***, 926 A.2d 488, 490-91 (Pa. Super. 2007) (internal citations and quotation marks omitted).

In his first issue, Appellant claims that the evidence was insufficient to sustain his conviction for simple assault by physical menace. ***See*** Appellant's Brief at 12. Specifically, he argues that he "never pointed his firearm at any individual. Although he made a conditional threat to [Overly] to return his property, [Appellant] immediately returned to the notary's office when [Overly's brother] threatened him." ***Id.***[1] Further, Appellant asserts that "no witness testified that they were in fear from [Appellant's] actions, and he apologized after the incident. [Appellant's] actions did not indicate any intent to place [Overly] in fear of seriously bodily injury, or that his actions constituted a physical menace." ***Id.*** According to Appellant, the Commonwealth also "failed to establish that [he] even took a substantial step to place [Overly] in fear of imminent serious bodily injury[.]" ***Id.*** We disagree.

_____

[1] By way of background, Appellant avers that, after he threatened Overly, Overly's brother "jumped out of the vehicle from the front passenger door and ran around the vehicle. [Overly's brother] ordered [Appellant] not to shoot, stating '[d]ude, you don't want to do this shit.'" Appellant's Brief at 8 (citations to record omitted; some brackets added). Appellant says he then apologized and went back into the notary. ***Id.*** (citation to record omitted); ***but see*** Commonwealth's Brief at 17 ("[T]he alleged fact that [A]ppellant immediately left the scene when the 'victim threatened *him*' was not found as a fact by the court, and so is irrelevant.") (emphasis in original; citation omitted).

The relevant statute sets forth, in pertinent part, the following:

**(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
…
(3) attempts by physical menace to put another in fear of imminent serious bodily injury[.]

18 Pa.C.S. § 2701(a)(3). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Here, the trial court found the evidence was sufficient to support Appellant's conviction of simple assault by physical menace. In support, it relied on **Commonwealth v. Little**, 614 A.2d 1146 (Pa. Super. 1992), in which this Court determined that the evidence was sufficient to establish the elements of simple assault by physical menace where Little had "erratically emerged from her home carrying a shotgun, shouting and advancing from her porch." **Id.** at 1148 (footnote omitted); **see also** TCO at 3. Although Little never pointed the shotgun at the victims nor verbalized a specific threat to shoot the victims, she "was holding the gun 'in the cradle,' or in one arm, visible to onlookers." **Id.** at 1148 n.2, 1154-55. We concluded that "her overall demeanor and actions were designed to, and did in fact, put the [victims] in fear of imminent serious bodily injury." **Id.** at 1148 n.2.

Viewing the evidence, and all reasonable inferences drawn from that evidence, in the light most favorable to the Commonwealth as the verdict winner, **see Crabill, supra**, we agree with the trial court that the facts in the

- 4 -

case *sub judice* established simple assault by physical menace. As the trial court observed, Appellant "admittedly removed his gun from its holster and held it by his side while demanding the keys to the van back." TCO at 3. We concur that, "[a]lthough the gun was not pointed at Overly, the removal of the gun from its holster while [Appellant] was very close to Overly, coupled with the demand for the car keys and the statement that he would shoot if the[] keys were not returned, was sufficient to establish the attempt to put Overly in fear of imminent serious bodily injury by physical menace." **See id.** That Appellant purports that he did not point the gun at Overly, made a conditional threat, eventually retreated, and later apologized is irrelevant, as is his claim that no witness testified that they were actually put in fear from his actions. Accordingly, we reject Appellant's challenge to the sufficiency of the evidence underlying his conviction of simple assault by physical menace.

In his second issue, Appellant contends that the evidence was insufficient to sustain his harassment conviction. He claims that "the Commonwealth failed to prove that [his] actions demonstrated any intent to harass, annoy, or alarm [Overly]. Rather, [Appellant's] actions demonstrated a clear intent to retrieve his property, namely the keys to his van, and move along." Appellant's Brief at 18. Again, we disagree.

The applicable statute provides, in pertinent part:

**(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

- 5 -

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]

18 Pa.C.S. § 2709(a)(4). Further, "[a]n intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

Here, the trial court deemed the evidence sufficient to sustain Appellant's conviction for harassment, reasoning that "the evidence is clear that [Appellant] held his gun and threatened Overly that he would shoot if the van keys were not returned." TCO at 4. Viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth as the verdict winner, ***see Crabill, supra***, Appellant's actions of holding his gun and conveying a threat demonstrate an intent to harass, annoy, and/or alarm Overly. Thus, this sufficiency argument also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/07/2018

- 6 -