J-S43029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARVIN JENNINGS :
:
Appellant : No. 222 EDA 2022

Appeal from the Judgment of Sentence Entered October 27, 2021,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0002750-2019.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 7, 2023**

Marvin Jennings appeals from the judgment of sentence entered following his convictions for criminal attempt to commit statutory sexual assault, unlawful contact with a minor, criminal attempt to commit corruption of minors, and criminal use of a communication facility.[1]  We affirm his convictions and deny his motion to stay sexual offender registration. However, we vacate his sentence and remand for resentencing.

Beginning on April 14, 2019, Jennings chatted on a dating/messaging application with "Casey," who claimed to be a 14-year-old girl in Delaware County.  After Casey said that she was 14, Jennings told her that she was too young, but he then continued to chat and exchange photographs.  Their

---

[1] 18 Pa.C.S.A. §§ 901(a) and 3122.1(b), 6318(a)(1), 901(a) and 6301(a)(1)(ii), and 7512(a), respectively.

conversation was marked by sexual content, as well as Jennings' suspicion that Casey was not who she claimed to be.

[Jennings:] So ur willing to be with an older guy?

[Casey:] I mean idk I'm nervous but I'd try

[Jennings:] So convince me to hookup with u.  If not, I'll just let it go

[Casey:] I mean I'm down to try it lolzzz would u wanna be with me???   I never really done anything so I'm kind of embarrassed

[Jennings:] To he honest.  I know ur a cop,lol.  I love toying with y'all.  Anytime an underage girl is on these sites, it's a sting! Ctfu

[Casey:] Lolzz Def not a cop r u?

[Jennings:] Hell no.

[Casey:] Bs

Ur gonna tell my mom rnt u

[Jennings:] U got one photo on ur page.  Classic

Ur mom? Lol

[Casey:] Lolzz Idk I don't have alot on my ipod lolz me and my friend put this up for fun

[Jennings:] U haven't convinced me out that ur not a cop and that ur real

[Casey:] Well idk how to do that, lolzzz... but it would be cool to be a 14 year old cop :)

Exhibit 3, at 16–17; *id.* at 20 ("U ever watched porn before?"); *id.* at 21 ("I have no intention of talking to noone but u.  If u told ur mom we was talking I'd be in trouble"); *id.* at 30 ("So u wanna have sex right?"); *id.* at 32 (Casey: "I guess it will hurt then" Jennings: "Not if it's real wet.  It'll slide right in");

*id.* at 34 ("I'm horny and hard"). Eventually, Jennings and Casey agreed that he would drive to meet her in the back of a K-Mart parking lot on April 20, 2019. He said he would drive a white, four-door Toyota.

In reality, the "Casey" account was maintained by Ridley Township Detective Timothy Kearney. Detective Kearney briefed a law enforcement team with descriptions of Jennings and Jennings' vehicle, and the team waited in the parking lot. The trial court described what happened next:

> [Jennings] was originally spotted by Detective David Tyler, of Delaware County [Criminal Investigation Division], in the rear of the K-Mart parking lot, driving a different vehicle than the one initially described. Detective Tyler's attention was drawn to a red, Chevy Yukon because the car continually circled the parking lot, and would drive to the rear of the K-Mart and then back around to the front of the building. The car eventually parked, and Detective Tyler was able to drive past and observe that the driver matched the physical description of [Jennings] that was provided by Detective Kearney. Detective Tyler notified the other officers that he believed the suspect came to the scene in the Yukon and not the white Toyota. [Jennings] then circled back to the rear of the K-Mart and the decision was made to stop the vehicle. Upon being stopped and escorted out of the vehicle, [Jennings] blurted out that he "knew this was a set up."
>
> [Jennings] was taken back to the police station to be interviewed; Detective Kearney, Detective Tyler, and [Sergeant Kenneth] Bellis were present in the interview room. [Jennings] waived his *Miranda* rights and freely gave a statement to police and also gave consent to allow Detectives to search his phone.
>
> During his statement, [Jennings] told Detectives that he traveled to the parking lot that day from Philadelphia to meet Casey. [Jennings] told Detectives that Casey told him she was only 14[ ]years old and that he agreed that such an age would render a girl a child. [Jennings] admitted that he continued to talk to Casey because people often lie on the websites about their age and that she looked like she may be older than that from the photos she sent. When asked if it was his intention to have sex

- 3 -

with her upon arrival, [Jennings] stated "It depended on how she looked, if she really looked her age I would probably [have] believed her and I just, I'm good you know."  [Jennings] essentially informed the Detectives that he was curious; maybe it was a young girl, maybe it was an adult, or maybe it would be a cop, but that he freely came to the parking lot that day knowing it could be 14-year-old Casey.

Trial Court Opinion, 5/29/22, at 3–4 (record citations, footnotes, and italics omitted).

Sergeant Bellis charged Jennings with the above offenses.  On July 23, 2021, a jury found Jennings guilty on all counts.  The trial court imposed an aggregate sentence of 50 to 100 years of imprisonment, concurrent with 7 years of probation.[2]  On November 5, 2021, Jennings filed post-sentence motions, which the trial court denied on December 6, 2021.

On January 6, 2022, Jennings filed a notice of appeal.  Jennings complied with Pennsylvania Rule of Appellate Procedure 1925(b).  The trial court entered its Rule 1925(a) opinion on May 29, 2022.

Jennings presents seven issues, which we reorder as follows:

1. Whether the post-sentence motion was untimely filed on November 5, 2021 such that this appeal should be quashed?

2. Whether the evidence was insufficient to establish appellant's guilt for the offense of attempt to commit statutory sexual assault beyond a reasonable doubt, in violation of appellant's state and federal constitutional rights?

3. Whether the evidence was insufficient to establish appellant's guilt for the offense of unlawful contact with a minor

_____

[2] The trial court informed Jennings that he would be subject to Tier III (lifetime) registration under Subchapter H of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10–9799.42.

(undercover officer) beyond a reasonable doubt, in violation of appellant's state and federal constitutional rights?

4. Whether the evidence was insufficient to establish appellant's guilt for the offense of attempt to commit corruption of minors beyond a reasonable doubt, in violation of appellant's state and federal constitutional rights?

5. Whether the trial court imposed illegal sentences of 25 to 50 years of incarceration each for attempt to commit statutory sexual assault and for unlawful contact with a minor?

6. Whether the trial court erred as a matter of law and violated the discretionary aspect of sentencing when it imposed a manifestly excessive and unreasonable life sentence of 50 to 100 years of incarceration?

7. Whether appellant's sex offender registration pursuant to Subchapter H of Act 29 is unconstitutional and his registration should be stayed pending resolution of ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020)?

Jennings' Brief at 4–5.

We first address the timeliness of the appeal. Our initial review of the record indicated that judgment of sentence was imposed on October 25, 2021. Thus, Jennings' post-sentence motion (filed November 5, 2021) and his notice of appeal (filed January 6, 2022) would be untimely. ***See Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citing ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*)). Accordingly, we directed Jennings to show cause why his appeal should not be quashed. He complied. After review of Jennings' response and the record, we are satisfied that judgment of sentence was entered on October 27, 2021, and the docket entry dated October 25, 2021 was erroneous.[3] Therefore, his post-sentence

_____

[3] We have amended the case caption accordingly.

motion and notice of appeal were timely filed, and we decline to quash this appeal.

Turning to the substantive issues, Jennings challenges the sufficiency of the evidence to support three of his convictions. Because he incorporates the same sufficiency argument for all three, we will address these claims together. With respect to criminal attempt to commit statutory sexual assault, Jennings argues that there was insufficient evidence to establish (1) his belief that Casey was younger than 16, (2) his intent to engage in sexual intercourse, and (3) a substantial step towards engaging in sexual intercourse. Jennings' Brief at 22–29. With respect to unlawful contact with a minor, he challenges the evidence of his (1) belief that Casey was actually underage and (2) intent to engage in sexual intercourse. *Id.* at 29–30. And with respect to criminal attempt to commit corruption of minors, he argues the evidence does not prove that he (1) believed Casey to be underage, (2) intended to engage in sexual intercourse, and (3) attempted to commit the offense, based on his lack of intent to engage in sexual intercourse. *Id.* at 31–32.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence..

*Commonwealth v. Williams*, 255 A.3d 565, 578–79 (Pa. Super. 2021) (quoting *Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014)). Notably, proof of intent often depends on circumstantial evidence and the inferences drawn from acts, conduct, or attendant circumstances. *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (citing *Commonwealth v. Thomas*, 65 A.3d 939, 944 (Pa. Super. 2013)).

The law defines criminal attempt as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). Criminal attempt requires the specific intent to commit the underlying crime: the conscious object to engage in the proscribed conduct and an awareness, belief, or hope of the attendant circumstances. *Commonwealth v. Palmer*, 192 A.3d 85, 88 (Pa. Super. 2018) (citing 18 Pa.C.S.A. § 302(b)(1)). Meanwhile, the requirement of a substantial step "concentrat[es] on the acts the defendant has done and does not . . . focus on the acts remaining to be done before the actual commission of the crime." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1291–92 (Pa. Super. 2018) (quoting *In re R.D.*, 44 A.3d 657, 678 (Pa. Super. 2012)).

Statutory sexual assault is defined as follows: "A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3122.1(b). In addition to the proscribed conduct of sexual intercourse, this offense requires proof of attendant circumstances: the complainant is under 16, the defendant is more than 11 years older, and they are not married to each other. **See Commonwealth v. Duffy**, 832 A.2d 1132, 1138–39 (Pa. Super. 2003).

Therefore, to sustain a conviction for criminal attempt to commit statutory sexual assault, there must be sufficient evidence to prove that the defendant (1) had the conscious object to engage in sexual intercourse with the complainant, (2) had an awareness, belief, or hope of the attendant circumstances of the complainant's age and marital status, and (3) did an act that constitutes a substantial step toward committing the underlying crime. **See Commonwealth v. Crabill**, 926 A.2d 488, 491 (Pa. Super. 2007) (discussing the *mens rea* elements of an attempted sexual offense).

Unlawful contact with a minor is defined in relevant part as:

A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under . . . (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses.

- 8 -

18 Pa.C.S.A. § 6318. The statute prohibits communicating with a minor (or, as here, a law enforcement officer) for the purpose of carrying out enumerated sexual acts. *Commonwealth v. Davis*, 225 A.3d 582, 587 (Pa. Super. 2019) (citing *Commonwealth v. Rose*, 960 A.2d 149, 152–53 (Pa. Super. 2008)). It does not require the defendant to commit those sexual acts. *Commonwealth v. Aikens*, 168 A.3d 137, 144–45 (Pa. 2017). The evidence must prove that the defendant (1) was intentionally in contact with a minor or law enforcement officer who assumed the identity of a minor (2) for the purpose of engaging in a Chapter 31 offense. *Aikens*, 168 A.3d at 138.

> Corruption of minors, as charged here, is defined:
>
> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 . . . corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii). The statutory elements of this underlying offense are (1) a defendant over 18, who (2) commits a course of conduct (3) in violation of Chapter 31 (4) that corrupts or tends to corrupt the morals of a minor. *Interest of J.C.*, 286 A.3d 288, 294 (Pa. Super. 2022) (over 18); *Commonwealth v. Sampolski*, 89 A.3d 1287, 1289 (Pa. Super. 2014) (course of conduct); *Commonwealth v. Baker-Myers*, 255 A.3d 223, 235 (Pa. 2021) (violation of Chapter 31); *Commonwealth v. Mumma*, 414 A.2d 1026, 1030 (Pa. 1980) (corruption). Notably, the statute does not require proof of actual corruption but rather prohibits conduct that "tends to corrupt

the morals of any minor." ***Mumma***, 414 A.2d at 1030 (citing ***Commonwealth v. Davison***, 364 A.2d 425, 426 n.1 (Pa. Super. 1976)). We have previously held that an adult having sexual intercourse with a young teenager is the sort of conduct that would qualify, even if the intercourse is consensual. ***Commonwealth v. Decker***, 698 A.2d 99, 100–02 (Pa. Super. 1997).[4]

Thus, for criminal attempt to commit corruption of minors, the evidence must show that the defendant (1) was over 18, (2) had the conscious object to engage in prohibited conduct, such as having sexual intercourse with a 14-year-old, and (3) did an act that constitutes a substantial step toward committing the underlying crime. ***Crabill***, ***supra***.

This Court confronted analogous facts before, as where a 44-year-old defendant contacted an undercover officer posing as a 15-year-old girl on an Internet chat room and arranged to meet for oral sex. ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1067–68 (Pa. Super. 2003). He was arrested after reserving a motel room, buying wine and condoms, and driving two and a half hours to meet the purported girl. ***Id.*** at 1068. We held that these actions constituted a substantial step toward committing statutory sexual assault and therefore affirmed his conviction for criminal attempt. ***Id.*** at

---

[4] A prior version of Section 6301 did not require the defendant's conduct to violate Chapter 31. ***Decker***, 698 A.2d at 100 (quoting 18 Pa.C.S.A. § 6301 (prior version)). The 37-year-old defendant in ***Decker*** had consensual sexual intercourse with a 15-year-old, which was not otherwise prohibited at the time. ***Id.*** at 100 n.2. We recognize ***Decker***'s continued vitality in its holding that lack of consent is not an element of corruption of minors.

1071–72; *see also Commonwealth v. Jacob*, 867 A.2d 614, 619 (Pa. Super. 2005) (finding a substantial step to commit a sexual offense where a defendant conversed with an undercover officer about sex and then arrived at an arranged location to meet her).

Here, the evidence was sufficient to prove every element of Jennings' convictions. Jennings' messages are consistent with a conscious object to engage in sexual intercourse with Casey. *E.g.*, Exhibit 3, at 26 ("Whatever I want to do u not ready for. I see too many guys going to jail for fucking these lil teenagers"); *id.* at 30 ("So u wanna have sex right?"); *id.* at 32 (Casey: "I guess it will hurt then" Jennings: "Not if it's real wet. It'll slide right in"); *id.* at 34 ("I'm horny and hard"). This intent is further reflected by his inquiries into Casey's sexual experience and fantasies, his commands to wear tights without underwear or a bra, and his action of driving to the parking lot to meet her. The jury was free to find from this evidence that Jennings intended to have sexual intercourse with Casey.

Regarding the attendant circumstances of Casey's age, Casey advised Jennings that she was 14 years old from the time of their first conversation. Jennings acknowledged this in his messages. *E.g.*, *id.* at 19 ("I'm a grown man, u a lil teenager. Tell me what u want [¶] U comfortable being alone with a grown man?"); *id.* at 25 ("I'm gonna delete this app because I don't want to get in trouble for messing with a 14yo"). The jury could find from these messages that Jennings believed that Casey was in fact a 14-year-old girl.

As necessary to prove a criminal attempt, driving to meet an underage girl is a substantial step towards engaging in sexual intercourse. *Zingarelli*, *supra*; *Jacob*, *supra*. The jury could find from Jennings' driving to the parking lot where he had arranged to meet Casey that he had taken a substantial step.

In finding the evidence to be sufficient at all counts, we reject Jennings' assertions that the content of his messages reflects only a suspicion that Casey is a police officer. Direct evidence, such as Jennings stating what he wanted to do, is not required to prove intent. *Fortune*, *supra*. Rather, the sexual nature of the subjects discussed, combined with Jennings' action of driving to the parking lot, support the reasonable inference that Jennings intended to have sexual intercourse. Specific intent can be proven by "hope[]" of an attendant circumstance. 18 Pa.C.S.A. § 302(b)(1)(ii).

Despite Jennings' self-serving statements to police that he did not believe Casey to be 14, the evidence was sufficient to show that Jennings drove to the parking lot with the hope that Casey was who she claimed to be. His ostensible disbelief over Casey's identity, like his choice to drive a different car than he had said he would, are more consistent with Jennings' caution in attempting an activity that he knew to be illegal than with the genuine expectation that he was meeting an undercover officer. Although the jury could have found Jennings' mental state as he now argues, the jury was also free to find that Jennings had the specific intent required for the charged

offenses. Based on our standard of review for a challenge to the sufficiency of the evidence, we affirm Jennings' convictions.

We next address Jennings' challenges to the legality of his sentence. These are questions of law, for which our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Hill**, 238 A.3d 399, 409–10 (Pa. 2020). Jennings' legality claims concern the "three strikes" law for recidivist sexual offenders, which provides:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9799.14 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

**(b) Mandatory maximum.--**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

**(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9718.2(a)–(d).

Jennings' first legality challenge is that defects in his sentencing proceeding preclude the application of Section 9718.2, rendering his sentence illegal. Jennings' Brief at 32–34. He challenges the trial court's failure to state on the record that it was applying Section 9718.2 or to provide him a copy of his prior record, as well as the Commonwealth's failure to provide an exhibit of his prior conviction. He notes that the court did not give notice of the penalties for a third conviction.

Jennings' second legality challenge is that Section 9718.2(a)(1) requires only one mandatory 25-to-50-year sentence for multiple offenses that were not part of the same criminal episode. *Id.* at 34–35 (citing ***Commonwealth v. Fields***, 107 A.3d 738, 744 (Pa. 2014)). Based on an ambiguity in his charging documents, he argues that he should receive the benefit of treating the attempted statutory sexual assault and unlawful contact with a minor as separate criminal episodes.

The Commonwealth responds that Jennings was aware of his prior conviction and of the applicability of Section 9718.2. Commonwealth's Brief at 25–26. It argues that ***Fields*** does not apply to Section 9718.2, but even if it did, Jennings' crimes all constituted one criminal episode. *Id.* at 26–28.

We are constrained to remand for resentencing based on Jennings' first legality challenge. We have held that Section 9718.2 is subject to the same interpretation as the "three strikes" law for recidivist violent offenders, 42

Pa.C.S.A. § 9714.[5] ***Commonwealth v. Helsel***, 53 A.3d 906, 916 (Pa. Super.

2012). The process required under Section 9714(d), identical to Section

9718.2(c), is "essential" to sentencing:

---

[5] Section 9714 provides, in relevant part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

\*    \*    \*

**(d) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this

*(Footnote Continued Next Page)*

It is essential that the sentencing court have before it Norris's complete record of previous convictions, that Norris be provided with the same, and that the sentencing court make a determination of Norris's previous convictions based on a preponderance of the evidence prior to determining the applicability of the mandatory sentencing provisions of section 9714. A verbal recitation by the Commonwealth of what it considers to be Norris's prior "strikes," without the court having the benefit of Norris's written record, is simply insufficient for purposes of section 9714(d).

*Commonwealth v. Norris*, 819 A.2d 568, 576 (Pa. Super. 2003).

Here, Jennings was not given a copy of his prior record. Although there is no dispute that he was aware of his prior convictions and the Commonwealth's intention to seek a mandatory minimum sentence, this sentencing procedure was insufficient for purposes of Section 9718.2(c). *Id.* Therefore, we will vacate and remand for the sentencing court to comply with the procedures of Section 9718.2.

As to Jennings' second legality challenge, the court's authority to impose mandatory sentences for multiple offenses does not depend on whether those offenses were part of the same criminal episode. The issue arises from cases interpreting the second- and third-strike provisions of Section 9714. Our

---

section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S.A. § 9714(a), (d).

supreme court first held that a third-strike offender who commits multiple crimes of violence is subject to only one mandatory minimum sentence for his third strike. *Commonwealth v. McClintic*, 909 A.2d 1241, 1252 (Pa. 2006). It then held that a second-strike offender who commits multiple crimes of violence is subject to a mandatory sentence for each as part of his second strike. *Fields*, 107 A.3d at 744.

These rules apply to Section 9718.2(a), which has operative language mirroring that of Section 9714(a). *Helsel*, *supra*. However, the holding of *Fields* depended on the offenses being part of the second strike, not whether those offenses were part of the same criminal episode. *Fields*, 107 A.3d at 744 ("[Section 9714(a)(1)] requires that a second-strike offender be sentenced to the prescribed minimum term of incarceration for each conviction of a crime of violence that is part of the second strike."); *see also Commonwealth v. Griffin*, 207 A.3d 827, 833 (Pa. 2019) (applying *Fields* to any case "where a defendant is convicted of multiple current offenses as part of a second strike"). Here, if Jennings was properly sentenced as a second-strike offender under Section 9718.2(a)(1), the imposition of a mandatory sentence for each registrable offense is required by *Fields* regardless of whether the offenses were part of the same criminal episode.[6]

---

[6] Based on Jennings' prior record, Trial Court Opinion, 5/29/22, at 6, he would be properly sentenced as a second-strike offender on Counts 1 and 2 in the present case. *Fields*, 107 A.3d at 744 n.5.

Because we remand based on Jennings' legality-of-sentence claim, we do not address his challenge to the discretionary aspects of his sentence.

In Jennings' final issue, he asks this Court to stay his registration as a sexual offender pending the Pennsylvania Supreme Court's determination whether Subchapter H of SORNA is unconstitutional. Jennings' Brief at 46–52 (citing **Commonwealth v. Melvin**, 79 A.3d 1195, 1200 (Pa. Super. 2013)). The Commonwealth responds that the proper procedure in this case is to remand for development of an evidentiary record for the trial court to rule on the constitutional issue. Commonwealth's Brief at 34–36 (citing, *inter alia*, **Commonwealth v. Asher**, 244 A.3d 27 (Pa. Super. 2020)).

> To obtain a stay from this Court, Jennings is required to:
>
> make a substantial case on the merits and show that without the stay, irreparable injury will be suffered. Additionally, before granting a request for a stay, the court must be satisfied the issuance of the stay will not substantially harm other interested parties in the proceedings and will not adversely affect the public interest.

**Melvin**, 79 A.3d at 1200 (quoting **Maritrans G.P., Inc. v. Pepper, Hamilton & Scheetz**, 573 A.2d 1001, 1003 (Pa. 1990)).

We deny Jennings' request because he has not made a substantial case on the merits. Jennings' post-sentence motion and brief provide the same claims and arguments as in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020).[7] This Court has held that it "will not venture beyond our Supreme

---

[7] Following remand in **Torsilieri**, the trial court again ruled that Subchapter H of SORNA is unconstitutional. The Commonwealth appealed, and the case is now pending at Docket Number 97 MAP 2022.

Court's holding in **Torsilieri**," which did not reach a conclusion on the constitutionality of Subchapter H of SORNA. **Commonwealth v. Wolf**, 276 A.3d 805, 813 (Pa. Super. 2022). We decline to go beyond the holding of **Torsilieri** here and thus deny Jennings' request for a stay.

Regarding the Commonwealth's suggestion that we remand for the parties to develop the record, we agree that this Court has done so in other cases. **E.g.**, **Commonwealth v. Boyd**, ____ A.3d ____, ____, 2022 PA Super 224 (Pa. Super. 2022); **Asher**, **supra**. However, Jennings, the appellant in this case, has not requested such a remand. Jennings' Brief at 49. We therefore decline to do so.

Convictions affirmed. Judgment of sentence vacated. Motion to stay SORNA registration denied. Case remanded for resentencing.

Judge Dubow joins this Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

- 20 -